## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

**JOHN TERRELL MAIN,**                              **Case No. 17-10953-M**
                                                    **Chapter 13**
                            **Debtor.**

Filed/Docketed
Jan 23, 2019

### MEMORANDUM OPINION

Most people have little difficulty defining the word *surrender*. Boxing historians may think of Roberto Duran.[1] Other historians may recall Custer at Little Big Horn or Napoleon at Waterloo. In this case, the Court must discern what the drafters of the United States Bankruptcy Code intended when they gave a Chapter 13 debtor the right to surrender collateral as part of a plan. The following findings of fact and conclusions of law are entered pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014.

### Jurisdiction

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[2]  Its reference to the Court is proper pursuant to 28 U.S.C. § 157(a).  This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(L).

### Findings of Fact

John Terrell Main ("Debtor") filed an original petition for relief under Chapter 13 of the United States Bankruptcy Code on May 16, 2017. Prior to the filing of the bankruptcy, Debtor was involved in a protracted divorce case with his estranged wife, Lea M. Wolfe ("Wolfe").  One of the

---

[1] If the reader is interested in this subject, check out *No Mas - ESPN Films: 30 for 30* at *www.espn.com/30for30/film?page=nomas*.

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

assets in this bankruptcy case is the Debtor's undivided interest in a condominium located in Delaware County, Oklahoma (the "Condo"). The Condo is jointly owned by Debtor and Wolfe, and subject to a real estate mortgage in favor of BOKF, N.A., d/b/a Bank of Oklahoma ("BOKF").[3] Debtor and Wolfe both executed the promissory note and real estate mortgage with respect to the Condo. As of the date this case was filed, BOKF was owed the sum of $91,909.75 (the "BOKF Claim").[4] In his bankruptcy schedules, Debtor valued the Condo at $150,000.[5]

In the 19 months that this bankruptcy case has been pending, Debtor has filed several Chapter 13 plans. The plan that is presently before the Court (the "Plan") was filed on November 19, 2018, and provides that Debtor will surrender his interest in the Condo to BOKF. Notice of the Plan and the deadline to object to its confirmation was properly given to all creditors and parties in interest, including Lonnie D. Eck ("Eck"), the Chapter 13 Trustee. BOKF does not object to surrender of the Condo. Eck supports confirmation of the Plan. The Plan provides for payment of 100% of all unsecured claims.

The Plan has drawn a single objection filed by Wolfe (the "Objection"). The Objection relates solely to the surrender of the Condo to BOKF.[6] Specifically, Wolfe objects to the Plan and the surrender of Debtor's interest in the Condo to the extent that:

1.      The surrender of Debtor's interest in the Condo "would imply that her interest in the

---

[3] *See* Claim No. 3-1.

[4] *Id.*

[5] *Docket No. 1* at 11.

[6] *Docket No. 125*.

[Condo] is to be surrendered to anyone.";[7]

2.       The Plan does not specify any particular manner of disposition of the Condo;

3.       The Plan provides (or may provide) for disposition of Wolfe's interest in the Condo; and

4.       Wolfe believes that "surrender" provided for under the Plan is in fact an abandonment of Debtor's interest in the Condo. Wolfe argues that the Plan should call for abandonment rather than surrender, and should outline the effect of any such abandonment by Debtor upon Wolfe's interest in the Condo.

The Court held a hearing on the Plan and the Objection on January 15, 2019.   At that hearing, counsel for the Debtor and Wolfe advised the Court there were no factual disputes, and the matter was ready for resolution by the Court.

       To the extent the "Conclusions of Law" contains items that should more appropriately be considered "Findings of Fact," those findings of fact are incorporated into the Court's findings of fact by this reference.

### Conclusions of Law

       Section 1325(a)(5)(C) provides that a bankruptcy court shall confirm a plan if, with respect to an allowed secured claim, "the debtor surrenders the property securing such claim to such holder[.]" Under the terms of the Plan, Debtor is surrendering ***his interest*** in the Condo. BOKF does not object. The question is whether such surrender impermissibly impairs Wolfe's interest in the Condo.

        Let us begin by describing what Debtor's surrender of the Condo cannot do.  The Debtor

_____

[7] *Id.*

can only surrender his interest in property.  He cannot as a matter of law surrender the interest of any other entity in property, even if that property is jointly held.  Therefore, Wolfe's expressed concerns that the surrender of Debtor's interest in the Condo could somehow operate as a surrender of her interest are unfounded.  Moreover, just as Debtor cannot surrender an interest in the Condo that is not his to surrender, Wolfe cannot prohibit Debtor from exercising his statutory right under § 1325(a)(5)(C) to surrender his interest in the Condo to BOKF.

This Court could find no authority within the Tenth Circuit on the definition of the word *surrender* in the Bankruptcy Code.  However, the United States Court of Appeals for the Fourth Circuit has provided this definition:

> Although "surrender" is not defined in the Bankruptcy Code, *see generally* 11 U.S.C.A. § 101 (West 2004 & Supp.2006), the word's general meaning is not a mystery. The operative phrase in § 1325(a)(5)(C), "surrenders the property securing such claim to such holder," makes it clear enough that the "surrender" spoken of entails the secured creditor ultimately holding all rights, including the right of possession, in the property securing the claim. Thus, one prominent bankruptcy treatise has defined "surrender" in the § 1325(a) context as the "relinquishment of any rights in the collateral," including the right to possess the collateral. 8 *Collier on Bankruptcy* ¶ 1325.06[4] (Alan N. Resnick & Henry J. Sommer eds., 15th ed.2005). This definition has been formulated by a number of bankruptcy courts called on to construe § 1325(a)(5)(C). *See, e.g., Hosp. Auth. Credit Union v. Smith (In re Smith),* 207 B.R. 26, 30 (Bankr.N.D.Ga.1997)(concluding that § 1325(a)(5)(C))makes plain that "a debtor must at least tender possession or control of the collateral to the creditor"); *In re Stone,* 166B.R. 621, 623 (Bankr.S.D.Tex.1993)(holding that "the term 'surrender' [under § 1325(a)(5)(C) ] was contemplated by Congress to be a return of property and a relinquishing of possession or control to the holder of the claim"). Other legal and non-legal definitions of "surrender" also focus on the complete relinquishment of rights, *see Black's Law Dictionary* 1484 (8th ed.2005) (defining "surrender" as "yielding to another's power or control" and "giving up of a right or claim"), *Merriam-Webster's Collegiate Dictionary* 1258 (11th ed.2003) (defining "surrender" as "the action of yielding one's person or giving up the possession of something esp. into the power of another"), including relinquishment of the right to possession, *see, e.g., Black's Law Dictionary* 1484-85 (defining "surrender" in the landlord-tenant context as the tenant's "relinquishment of possession before the lease has expired"), U.C.C. § 3-604(a) (2002) (stating that one

4

way for an instrument-holder to discharge the obligation of a party to the instrument is "surrender," i.e., physical delivery or turn over, of the instrument to the obligated party). <u>At the most basic level, then, the word "surrender" means the relinquishment of all rights in property, including the possessory right, even if such relinquishment does not always require immediate physical delivery of the property to another.</u>[8]

Other courts have reached similar results, and have held that the term *surrender* does not require a debtor to physically deliver collateral to a creditor.[9] Although the cited cases involve personal property and not real estate, the concept of *surrender* outlined in those cases is applicable here. The Court finds that, under the terms of the Plan, Debtor is relinquishing all of his rights including the right of possession in the Condo. BOKF is therefore placed in the position to enforce its security interest in the Condo without further resistance or interference by the Debtor. This surrender does not affect or impair the rights of Wolfe in the Condo. The fate of the Condo is now a matter to be determined between BOKF and Wolfe, either through negotiation or litigation. Debtor has removed himself from the mix.[10]

Wolfe argues to the extent the surrender by Debtor is a surrender of his interest in the Condo to BOKF, that BOKF will receive a windfall because it will collect more than the amount owed to it. The Court rejects the argument. Notwithstanding Debtor's surrender of his interest in the Condo, BOKF retains its lien in the Condo, and is entitled to enforce that lien to collect the amount owed

---

[8] *In re White*, 487 F.3d 199, 205 (4th Cir. 2007) (emphasis added).

[9] *See, e.g., In re Boley*, No. 15-31811, 2016 WL 155700 (Bankr. M.D. Ala. January 12, 2016) (debtor unable to surrender vehicle because vehicle was held by repair facility that claimed a repairman's lien); *In re Russell*, No. 13-66201, 2014 WL 4929515 (Bankr. N.D. Ga. September 11, 2014) (vehicle either stolen or in possession of debtor's estranged spouse).

[10] Indeed, it is difficult to see how Debtor could effectuate any greater surrender other than surrendering his interest in the property. Wolfe has an equal interest in the Condo; Debtor has no right to impair that interest, possessory or otherwise.

to it.  If in fact there is equity in the Condo over and above the debt owed to BOKF and any other liens on the property,[11] such equity may inure to Wolfe's benefit.

Wolfe also argues that Debtor should be required to abandon his interest in the Condo, rather than surrender it. The Court finds this to be an argument in semantics and a distinction without a difference. Whether Debtor "surrenders" or "abandons" the Condo, the result is the same: Wolfe, together with those creditors claiming a lien upon the Condo, will be left to their rights and remedies under state law.

### Conclusion

The Plan complies with the operative provisions of § 1325, is ready for confirmation, and should be confirmed. The objection by Wolfe to confirmation of the Plan is overruled. Confirmation of the Plan shall be by separate text order.

Dated this 23rd day of January, 2019.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

7309.2

---

[11] At the January 15, 2019, hearing, counsel for the Debtor indicated that there may be tax liens against the Condo that would exceed any equity after satisfaction of the BOKF debt.  The Court makes no finding in this regard.